IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAN ANTOHI,<br>a/k/a David Touzin<br>a/k/a Jorge Pacheco<br>Defendant. | INDICTMENT<br><br>Criminal No. 25-440 (ADC)<br><br>Violations:<br>18 U.S.C. §§ 1028A (aggravated identity theft); 1344, 1349 (conspiracy to commit bank fraud)<br><br>TWELVE COUNTS |

THE GRAND JURY CHARGES:

COUNT ONE
**Conspiracy to Commit Bank Fraud**
(Title 18, United States Code, Sections 1344, 1349)

Introduction

1. At all times relevant to this Indictment, defendant DAN ANTOHI, a/k/a David Touzin, a/k/a Jorge Pacheco resided within the District of Puerto Rico.

2. At all times relevant to this Indictment, Banco Popular was a financial institution doing business in the District of Puerto Rico. Its deposits were federally insured by the Federal Deposit Insurance Corporation.

3. At all times relevant to this Indictment, Banco Popular maintained Automated Teller Machines ("ATM's") through which customers could withdraw cash from their bank accounts using unique account numbers and Personal Identification Numbers ("PINs").

4. A skimming device is a technology that attaches directly to a point-of-sale device in a store or ATM in order to intercept customers' card information without their knowledge. It is typically placed over the legitimate card reader slot or installed

inside it. Once secured, the skimming device copies the card information from the magnetic stripe. Additionally, customers' PINs may be captured using another device, such as a keypad overlay or camera. After the card information and PINs are collected, the stolen data can be downloaded to a computer and re-encoded onto counterfeit cards that can be used to make fraudulent transactions from the accounts of victims.

## The Conspiracy

5. Beginning no later than September 12, 2025, in the District of Puerto Rico, defendant DAN ANTOHI and others known and unknown to the United States, knowingly, willfully, and unlawfully combined, conspired and agreed with each other to commit bank fraud, by knowingly executing and attempting to execute a scheme and artifice to defraud a financial institution and to obtain monies, funds, assets, and other property owned by, and under the custody and control of the financial institutions by means of false and fraudulent pretenses, representations, and promises, contrary to 18 U.S.C. § 1344.

## Object of the Conspiracy

6. It was the object and purpose of the conspiracy for defendant DAN ANTOHI and his co-conspirators to fraudulently obtain monies owned by and under the control of Banco Popular by making unauthorized withdrawals from customers' accounts using unique customer card information and PINs that had been captured following the installation of skimming equipment at points of sale and other locations and thereby enrich themselves.

Manner and Means of the Conspiracy

7. It was part of the conspiracy that defendant DAN ANTOHI and/or co-conspirators installed skimming equipment on points of sale in stores and other locations.

8. It was further part of the conspiracy that DAN ANTOHI and/or his co-conspirators downloaded the stolen card information onto a computer and re-encoded that information onto counterfeit cards with a magnetic encoder.

9. It was further part of the conspiracy that defendant DAN ANTOHI and/or his co-conspirators utilized the counterfeit cards to make approximately unauthorized withdrawals from the accounts of individuals via ATMs whose card information and PINs had been stolen.

Acts in Furtherance of the Conspiracy

10. In furtherance of the conspiracy and to accomplish its objectives and purposes, the following acts, among others, were committed by one or more of the coconspirators in the District of Puerto Rico:

    a. On or about September 12, 2025 around 21:29 AST, DAN ANTOHI and/or his co-conspirators withdrew, using a fraudulent card, from an ATM approximately $480 from a Banco Popular account associated with Victim 1.

    b. On or about September 13, 2025 around 7:22 AST, DAN ANTOHI and/or his co-conspirators withdrew, using a fraudulent card, from an ATM approximately $500 from a Banco Popular account associated with Victim 1.

    c. On or about September 14, 2025 around 13:24 AST, DAN ANTOHI and/or his co-conspirators withdrew, using a fraudulent card, from an ATM approximately $500 from a Banco Popular account associated with Victim 1.

d. On or about September 19, 2025 around 6:40 AST, DAN ANTOHI and/or his co-conspirators withdrew, using a fraudulent card, from an ATM approximately $500 from a Banco Popular account associated with Victim 1.

e. On or about September 23, 2025 around 6:48 AST, DAN ANTOHI and/or his co-conspirators withdrew, using a fraudulent card, from an ATM approximately $500 from a Banco Popular account associated with Victim 1.

f. On or about September 27, 2025 around 4:05 AST, DAN ANTOHI and/or his co-conspirators withdrew, using a fraudulent card, from an ATM approximately $500 from a Banco Popular account associated with Victim 2.

g. On or about September 27, 2025 around 7:10 AST, DAN ANTOHI and/or his co-conspirators withdrew, using a fraudulent card, from an ATM approximately $500 from a Banco Popular account associated with Victim 1.

h. On or about September 27, 2025 around 19:44 AST, DAN ANTOHI and/or his co-conspirators withdrew, using a fraudulent card, from an ATM approximately $500 from a Banco Popular account associated with Victim 4.

i. On or about September 27, 2025 around 19:46 AST, DAN ANTOHI and/or his co-conspirators withdrew, using a fraudulent card, from an ATM approximately $500 from a Banco Popular account associated with Victim 3.

j. On or about September 28, 2025 around 12:41 AST, DAN ANTOHI and/or his co-conspirators withdrew, using a fraudulent card, from an ATM approximately $480 from a Banco Popular account associated with Victim 5.

k. On or about September 29, 2025 around 6:17 AST, DAN ANTOHI and/or his co-conspirators withdrew, using a fraudulent card, from an ATM approximately $500 from a Banco Popular account associated with Victim 3.

All in violation of 18 U.S.C. § 1349.

## COUNTS TWO THROUGH TWELVE
### Aggravated Identity Theft
(Title 18, United States Code, Sections 1028A)

On or about September 12, 2025 through September 29, 2025, in the District of Puerto Rico the defendant, DAN ANTOHI, did knowingly use, without lawful authority, a means of identification of another person (unique Banco Popular card number and PIN) during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), namely a conspiracy to violate 18 U.S.C. § 1344, knowing that the means of identification belonged to another actual person, in violation of 18 U.S.C. § 1028A(a)(1) on or about the dates and times provided below:

| Count | Date/Time |
| --- | --- |
| Count Two | September 12, 2025 around 21:29 AST |
| Count Three | September 13, 2025 around 7:22 AST |
| Count Four | September 14, 2025 around 13:24 AST |
| Count Five | September 19, 2025 around 6:40 AST |
| Count Six | September 23, 2025 around 6:48 AST |
| Count Seven | September 27, 2025 around 4:05 AST |
| Count Eight | September 27, 2025 around 7:10 AST |
| Count Nine | September 27, 2025 around 19:44 AST |
| Count Ten | September 27, 2025 around 19:46 AST |
| Count Eleven | September 28, 2025 around 12:41 AST |
| Count Twelve | September 29, 2025 around 6:17 AST |

Each count listed above constitutes a distinct violation of 18 U.S.C. § 1028A(a)(1) and (b).

TRUE BILL

FOREPERSON
Date: 29 de octubre de 2025

W. STEPHEN MULDROW
United States Attorney

_____
Timothy Henwood
Assistant United States Attorney
Chief, Criminal Division

_____
Jonathan Gottfried
Assistant United States Attorney